**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ORGANIZATION OF AMERICAN HISTORIANS**<br>112 North Bryan Avenue<br>Bloomington, Indiana 47408,<br><br>                    Plaintiff,<br><br>v.<br><br>**OFFICE OF MANAGEMENT AND BUDGET**<br>725 17th Street, N.W.<br>Washington, DC 20503,<br><br>**DEPARTMENT OF THE INTERIOR**<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>**NATIONAL PARK SERVICE**<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff Organization of American Historians ("OAH") seeks the expedited processing and release of records Plaintiff requested from Defendants Office of Management and Budget ("OMB"), Department of the Interior ("DOI"), and National Park Service ("NPS") concerning the executive branch's ongoing campaign to direct, condition, and reshape the interpretation of American history at federally managed institutions.  The requested records concern an "actual or alleged [f]ederal [g]overnment activity" about which there is an "urgency to inform the public," and the requests were "made by a person primarily engaged in disseminating information."  5 U.S.C. § 552(a)(6)(E)(v)(II).

**JURISDICTION AND VENUE**

2.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.    Plaintiff OAH is the largest professional society dedicated to the teaching and study of American history.  OAH publishes a peer-reviewed journal, issues public statements and policy analyses, convenes national conferences, and regularly disseminates historical scholarship and analysis to educators, policymakers, journalists, and the public.  In support of its mission, OAH uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4.    Defendant OMB is an office within the Executive Office of the President of the United States.  OMB is an "agency" within the meaning of 5 U.S.C. § 552(f).

5.    Defendant DOI is a Department of the Executive Branch of the United States Government.  DOI is an "agency" within the meaning of 5 U.S.C. § 552(f).  The Office of the Secretary is a component of Defendant DOI.

6.    Defendant NPS is a bureau within Defendant DOI and is an "agency" within the meaning of 5 U.S.C. § 552(f).

**BACKGROUND**

**Executive Order 14253 and Its Implementation**

7.    On March 27, 2025, President Trump signed Executive Order 14253, titled "Restoring Truth and Sanity to American History."  Exec. Order No. 14253, 90 Fed. Reg. 14563 (Apr. 3, 2025).  The order directs coordinated action by all three Defendants.  Section 2 directs

the Vice President and OMB Director to condition future Smithsonian Institution appropriations to prohibit exhibits that "degrade shared American values, divide Americans based on race, or promote programs or ideologies inconsistent with Federal law and policy." *Id*. § 2(b).  OMB and the Secretary of the Interior are jointly directed to "take any other measures within their authority to promote the policy of this order." *Id*. § 2(c).  Section 3 directs the Secretary of the Interior to complete improvements to Independence National Historical Park "by July 4, 2026, the 250th anniversary of the signing of the Declaration of Independence." *Id*. § 3.  Section 4 directs the Secretary to review monuments, memorials, and markers across DOI's jurisdiction and reinstate, remove, or modify content that "inappropriately disparage[s] Americans past or living." *Id*. § 4.

8.      On August 12, 2025, White House officials — including OMB Director Russell Vought and then-Special Assistant to the President Lindsey Halligan — transmitted a letter to Smithsonian Institution Secretary Lonnie Bunch III directing a "comprehensive internal review" of selected Smithsonian museums in accordance with Executive Order 14253.  White House, Letter to the Smithsonian: Internal Review of Smithsonian Exhibitions and Materials (Aug. 12, 2025) (available at https://www.whitehouse.gov/briefings-statements/2025/08/letter-to-the-smithsonian-internal-review-of-smithsonian-exhibitions-and-materials/).  The letter set a 30-day deadline for production of exhibition materials, budgets, and curatorial records, and directed museums to begin implementing content corrections within 120 days.

9.     In December 2025, White House officials issued a follow-up letter demanding supplemental document production and explicitly conditioning Smithsonian appropriations on compliance: "funds apportioned for the Smithsonian Institution are only available for use in a manner consistent with Executive Order 14253."  White House, Letter to the Smithsonian: Review of Smithsonian Exhibitions and Materials (Dec. 2025) (available at

https://www.whitehouse.gov/briefings-statements/2025/12/letter-to-the-smithsonian-review-of-smithsonian-exhibitions-and-materials/).

10.    NPS initiated a review of interpretive materials at all 433 national park units following issuance of Executive Order 14253.  Interpretive content has been removed at multiple sites nationwide, including exhibits on enslaved people at the President's House in Philadelphia. *See City of Philadelphia v. Burgum*, No. 2:26-cv-00434, slip op. (E.D. Pa. Feb. 16, 2026) (Rufe, J.) (granting preliminary injunction requiring NPS to restore removed exhibits; characterizing government's asserted authority as invoking the logic of "the Ministry of Truth in George Orwell's 1984").  Climate change content was removed from Fort Sumter and Fort Moultrie National Historical Park and from Glacier National Park; content concerning Native American history was removed from Grand Teton National Park; and additional materials were removed or flagged at sites across the country.  *See Nat'l Parks Conservation Ass'n et al. v. Dep't of the Interior*, No. 1:26-cv-10877, Compl. (D. Mass. Feb. 17, 2026) (cataloguing removals at more than a dozen sites).

11.    The Smithsonian has organized a national initiative — "Our Shared Future: 250" — built around July 4, 2026, the 250th anniversary of American independence, as its public focal point.  The White House has simultaneously organized a federal commemorative initiative, "Freedom 250," centered on July 4 and the 250th anniversary.  *See* https://www.whitehouse.gov/freedom250.  Content decisions about what will be presented to millions of visitors at national parks and Smithsonian museums during the anniversary celebrations are being made now.

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

12.    By submissions dated March 27, 2026 and sent via FOIA.gov to OMB (Submission ID 2823926), DOI (Submission ID 2823951), and NPS (Submission ID 2823946), Plaintiff requested the following categories of records from each Defendant, created on or after January 1, 2025:

13.    From OMB: (1) all records reflecting OMB's role in implementing or coordinating Executive Order 14253 or any directive concerning the presentation of American history by federally funded institutions, including the Smithsonian Institution; (2) all records analyzing, discussing, or proposing the use of appropriations authority, apportionment authority, grant conditions, or other budgetary mechanisms to influence, review, condition, restrict, or withhold funding to or for the benefit of the Smithsonian Institution; (3) all records reflecting OMB's analysis of executive authority to direct, influence, or condition activities, exhibits, or interpretive content of the Smithsonian Institution, including communications with the Department of Justice; and (4) all communications between OMB officials and representatives of the Smithsonian Institution concerning exhibit content review, compliance with executive directives, or funding implications.

14.    From DOI: (1) all records reflecting DOI's role in implementing or coordinating Executive Order 14253 or any directive concerning the presentation of American history at units of the National Park System or other DOI-supervised entities; (2) all communications from the Office of the Secretary, the Deputy Secretary, or other DOI political appointees to NPS leadership concerning review, revision, suspension, or removal of interpretive content at NPS units, compliance with executive directives, or criteria for reviewing historical interpretation; (3) all records reflecting DOI's analysis of executive authority to direct, influence, condition, or

restrict interpretive content or programming at NPS or other DOI entities, including communications with the Department of Justice or White House Counsel's Office; (4) all records analyzing, discussing, or proposing the use of appropriations, grant conditions, or other budgetary mechanisms to influence interpretive content at NPS units; (5) all communications between DOI officials and White House staff concerning the presentation of American history at NPS units; and (6) all communications between the Office of the Secretary and officials of any DOI bureau concerning the review, revision, suspension, or removal of interpretive content at federally managed sites.

15. From NPS: (1) all records reflecting NPS's role in implementing or coordinating Executive Order 14253 or any directive concerning the presentation, interpretation, or curation of American history at units of the National Park System; (2) all records reflecting any review, revision, suspension, removal, or planned modification of exhibit content, wayside signage, ranger programs, audio-visual materials, or other interpretive content at any NPS unit in response to, or in anticipation of, any executive order or directive; (3) all records reflecting NPS's analysis of executive authority to direct, influence, condition, or restrict interpretive content, including communications with DOI or the Department of Justice; and (4) all communications between NPS officials and officials of the Office of the Secretary of the Interior concerning exhibit content, interpretive programming, or compliance with executive directives.

16. In its March 27, 2026 submissions, Plaintiff also formally requested that the processing of its requests be expedited because they concern an actual or alleged federal government activity about which there is an urgency to inform the public, and the requests were made by a person primarily engaged in disseminating information. 5 U.S.C. §

552(a)(6)(E)(v)(II).  Plaintiff certified this statement of compelling need as true and correct to the best of its knowledge and belief.  *See* 5 U.S.C. § 552(a)(6)(E)(vi).

17.    Plaintiff also requested treatment as a "representative of the news media" and a waiver of all fees associated with the processing and release of the requested records.

18.    On information and belief, each Defendant received Plaintiff's FOIA request and request for expedited processing on March 27, 2026.

19.    By letter dated April 13, 2026, DOI acknowledged receipt of Plaintiff's request, assigned it control number DOI-2026-004933, and denied Plaintiff's request for expedited processing.  DOI recognized OAH as a "representative of the news media" for purposes of fee assessments.

20.    Neither OMB nor NPS has responded to Plaintiff's requests for expedited processing within the ten calendar days required by 5 U.S.C. § 552(a)(6)(E)(ii)(I).  The statutory deadline for OMB and NPS to respond to the expedition requests expired on April 6, 2026.  OMB and NPS have not responded.

21.    Plaintiff has exhausted the applicable administrative remedies with respect to its requests for expedited processing.  Because OMB and NPS have failed to comply with the applicable time limits for responding to Plaintiff's expedition requests, Plaintiff is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).  DOI's denial of Plaintiff's expedition request is also subject to immediate judicial review.  5 U.S.C. § 552(a)(6)(E)(iii).

22.    Neither OMB nor NPS has processed and released records responsive to Plaintiff's FOIA requests.  DOI has not processed and released records responsive to Plaintiff's FOIA request.

**CAUSE OF ACTION**

**Violation of the Freedom of Information Act for Failure to Grant Expedited Processing**

23.    Plaintiff repeats and realleges paragraphs 1-22.

24.    Plaintiff established its entitlement to expedited processing in its submissions to the Defendant agencies.

25.    Defendants have violated the FOIA by failing to grant expedited processing of Plaintiff's FOIA requests.  DOI denied Plaintiff's expedition request without legal justification. OMB and NPS have failed to respond to Plaintiff's expedition requests within the statutory deadline.  5 U.S.C. § 552(a)(6)(E)(ii)(I).

26.    Plaintiff has exhausted the applicable administrative remedies with respect to Defendants' failure to grant expedited processing of Plaintiff's requests.

27.    Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.    order Defendants to grant Plaintiff's requests for expedited processing and to process immediately the requested records in their entirety;

2.    order Defendants, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3.    order Defendants to waive all fees associated with the processing and release of the requested records;

4.    award plaintiff its costs and reasonable attorney's fees incurred in this action; and

5.    grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff Organization of
American Historians*

9