UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORGANIZATION OF AMERICAN HISTORIANS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Civil Action No. 26-1281 (TNM) |

**ANSWER**

Defendants, the Office of Management and Budget, the U.S. Department of the Interior and the National Park Service, by and through undersigned counsel, hereby respond to the Complaint (ECF No. 1) filed by Plaintiff Organization of American Histories alleging violations of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552 *et seq*.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. Any allegation of the Complaint that is not specifically admitted or otherwise directly responded to is denied. Defendants respond to the Complaint in like numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

1. The allegations in this paragraph contain Plaintiff's summary of this action, including legal conclusions, to which no response is required. To the extent a response is required, it is admitted that this is an action brought under the FOIA by Plaintiff against Defendants, but in all other respects Defendants deny.

## JURISDICTION AND VENUE

2. The first sentence and second sentences of this paragraph contain conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA. The third sentence of this paragraph consists of conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district for a properly stated FOIA claim.

## PARTIES

3. The allegations in this paragraph are Plaintiff 's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

4. Defendants admit that the Office of Management and Budget ("OMB") is an Office within the Executive Office of the President and that OMB is an agency within the meaning of 5 U.S.C. § 552(f)(1).

5. Defendants admit that the Department of the Interior ("DOI") is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendants admit that the Office of the Secretary is a component of DOI.

6. Defendants admit that the National Park Service ("NPS") is a bureau within DOI and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## BACKGROUND

### Executive Order 14253 and Its Implementation

7. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f). Furthermore, the allegations in this paragraph are Plaintiff 's characterizations of an executive order to which no response is required. Defendants respectfully refer the Court to the executive order cited for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

8. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f). Furthermore, the allegations in this paragraph are Plaintiff 's characterizations of a letter to which no response is required. Defendants respectfully refer the Court to the letter cited for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

9. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f). Furthermore, the allegations in this paragraph are Plaintiff 's characterizations of a letter to which no response is required. Defendants respectfully refer the Court to the letter cited for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

10. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f). Furthermore, the allegations in this paragraph are Plaintiff 's characterizations of two other cited United States District Court cases to which no response is required. Defendants respectfully refer the Court to the two other cited United States District Court cases for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

11. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f). Furthermore, the allegations in this paragraph are Plaintiff 's characterizations of a government website to which no response is required. Defendants respectfully refer the Court to the government website cited for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

**Plaintiff's FOIA Requests and Requests for Expedited Processing**

12. Defendants admit only that Plaintiff submitted to OMB, DOI, and NPS separate FOIA requests, dated March 27, 2026. Defendants respectfully refer the Court to the FOIA requests themselves for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

13. The allegations in this paragraph are Plaintiff 's characterizations of its OMB FOIA request to which no response is required. Defendants respectfully refer the Court to this FOIA request for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

14. The allegations in this paragraph are Plaintiff 's characterizations of its DOI FOIA request to which no response is required. Defendants respectfully refer the Court to this FOIA request for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

15. The allegations in this paragraph are Plaintiff 's characterizations of its NPS FOIA request to which no response is required. Defendants respectfully refer the Court to this FOIA request for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

16. Defendants admit only that Plaintiff sought expedited processing of its FOIA requests on March 27, 2026. Defendants respectfully refer the Court to copies of the FOIA requests for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

17. Defendants admit only that Plaintiff sought classification as a representative of the news media and a fee waiver. Defendants respectfully refer the Court to the FOIA requests themselves for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

18. Admitted.

19. Defendants admit that on or around April 13, 2026, DOI, via a letter, acknowledged receipt of Plaintiff's request, assigned it control number DOI-2026-004933, and denied Plaintiff's

request for expedited processing. The remaining allegations in this paragraph are Plaintiff's characterizations of DOI's acknowledgment letter, to which no response is required. Defendants respectfully refer the Court to the acknowledgment letter for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

20. Defendants admit only that, as of the date of the filing of the Complaint, on April 15, 2026, OMB and NPS had not responded to Plaintiff's request for expedited processing. Defendants aver that NPS denied Plaintiff's request for expedited processing on April 23, 2026, and OMB denied Plaintiff's request for expedited processing on April 28, 2026. The remaining allegations of this paragraph constitute legal conclusions to which no response is required.

21. This paragraph consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that, as of the date of the filing of the Complaint, on April 15, 2026, OMB and NPS had not responded to Plaintiff's request for expedited processing. Defendants aver that NPS denied Plaintiff's request for expedited processing on or around April 23, 2026, and OMB denied Plaintiff's request for expedited processing on or around April 28, 2026. Defendant denies the remaining allegations of this paragraph.

22. Defendants admit that, as of the date of the filing of the Complaint, April 15, 2026, OMB, DOI, and NPS have not yet issued a final determination on any records responsive to Plaintiff's FOIA requests and further aver that the FOIA requests are in queue for processing.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Failure to Grant Expedited Processing

23. Defendants incorporate their responses to paragraphs 1–22 as if set forth fully herein.

24. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

25. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

26. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

27. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) Defendant asserts a general denial of all allegations not otherwise admitted to herein.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's

complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**SEVENTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

**EIGHTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**NINTH DEFENSE**

Plaintiff is not entitled to expedited processing of its FOIA requests under 5 U.S.C. § 552(a)(6)(E).

**TENTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA requests. 5 U.S.C. § 552(a)(6)(C).

*  *  *

**ELEVENTH DEFENSE**

Defendants' final responses to Plaintiff's requests for expedited processing moots Plaintiff's claim that Defendants have failed to respond to Plaintiff's requests for expedited processing.

Dated: May 18, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523
mason.bracken@usdoj.gov

*Attorneys for the United States of America*