UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ORGANIZATION OF AMERICAN HISTORIANS<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Civil Action No. 26-1281 (TNM) |

**JOINT STATUS REPORT**

Pursuant to the Court's July 1, 2026, Minute Order, Plaintiff Organization of American Historians and Defendants, the Office of Management and Budget ("OMB"), the United States Department of the Interior ("DOI") and the National Park Service ("NPS"), by and through undersigned counsel, respectfully submit the Parties' second joint status report.

This case concerns Plaintiff's Freedom of Information Act ("FOIA") requests for records submitted to Defendants on March 27, 2026. *See* Compl. (ECF No. 1).

The Parties' counsel have conferred. They have been working to clarify the scope of Plaintiff's FOIA requests. They submit their respective statements concerning the status of Plaintiff's FOIA requests.

**Defendants' Statement**

**Department of the Interior**

DOI has completed its searches for potentially responsive records and issued its first interim response on July 27, 2026, consisting of 38 pages. DOI continues to review the remaining

potentially responsive pages, of which there are approximately 1,420, and is currently preparing its next interim response for release. In addition, as explained in the first joint status report, DOI anticipates sending a portion of the records to a non-party agency for consultation.

**National Park Service**

NPS previously reported that it had located approximately 700 potentially responsive pages. NPS is currently conducting additional searches for records responsive to Plaintiff's request. In addition, NPS is preparing its next interim response of approximately 88 pages of responsive records for release but is not yet able to provide an estimated timeline for production of those records. Thereafter, NPS anticipates providing an additional interim response of approximately 650 pages of responsive records, while it continues to search for and review any remaining records.

**Office of Management and Budget**

OMB has so far found 20,000 potentially responsive documents which appears to be more than 170,000 total pages. These numbers were gathered before the Parties' recent efforts to clarify the scope of the request.

OMB continues to plan on issuing its first monthly rolling response (processing at least 300 pages per month) in October 2026.

* * *

**<u>Plaintiff's Statement</u>**

The Court's May 29, 2026, Minute Order directed that the parties' status report address, among other things, the anticipated number of documents responsive to Plaintiff's requests, the anticipated date(s) for release of those documents, whether a motion for an *Open America* stay is likely, whether a *Vaughn* index will be required, and a briefing schedule for dispositive motions.

Plaintiff notes that no Defendant has identified an anticipated release date in either this report or the first. Plaintiff requested this information from Defendants in correspondence on August 4, 11, and 12, 2026.

When the first joint status report was filed, all three agencies were still conducting searches. That is no longer the case. DOI reports that its searches are complete and that approximately 1,420 pages remain under review. NPS has quantified two anticipated interim responses totaling approximately 738 pages. OMB has produced a count of its potentially responsive universe. Plaintiff respectfully submits that the information necessary to identify dates certain is now available to each Defendant, but that it has not been provided.

*OMB.* OMB reports approximately 20,000 potentially responsive documents comprising, by its estimate, more than 170,000 pages, and continues to plan a first release in October 2026 at a rate of at least 300 pages per month. At that rate, processing 170,000 pages would require more than 560 months. Plaintiff has asked whether the document count is stated before or after deduplication, which OMB offices and custodians have been searched, whether processing can begin before October 2026, whether the monthly rate can be increased, and whether OMB will provide a revised count reflecting the parties' clarification of the scope of the request. Those questions remain outstanding. Plaintiff respectfully submits that OMB should either commit to a schedule permitting completion within a reasonable period or seek a stay pursuant to 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), so that the reasonableness of its processing pace may be evaluated by the Court.

*DOI.* Because the universe of responsive DOI records is now fixed, Plaintiff submits that DOI can provide a date certain for completing its review and production. Plaintiff notes that the first joint status report described an interim response of approximately 300 pages then in

preparation; the interim response issued on July 27, 2026, consisted of 38 pages. Plaintiff further notes that the consultation described in the first joint status report as required for the majority of those records appears not yet to have been initiated.

*NPS.* NPS has identified approximately 88 pages and approximately 650 pages across two anticipated interim responses but provides no estimated date for either. Plaintiff submits that NPS can provide dates certain for both.

Rather than a further status report, Plaintiff respectfully requests that the Court order each Defendant to file, on or before September 4, 2026, a statement setting forth (i) the date by which it will complete processing and production of records responsive to Plaintiff's request; (ii) the dates on which it will make any interim releases before that date; and (iii) whether it intends to move for a stay pursuant to 5 U.S.C. § 552(a)(6)(C). Plaintiff further requests that DOI's statement identify the non-party agency to which records have been or will be referred, the volume of records referred, the date of any referral, and the date by which the consultation is expected to conclude, and that OMB's statement respond to the questions identified above.

In the alternative, Plaintiff requests that the Court set a schedule for briefing a motion by Plaintiff for an order establishing a production schedule pursuant to 5 U.S.C. § 552(a)(4)(B), which the Court has identified as among the mechanisms FOIA provides for requests of this kind. *See* Mem. Order at 9–10 (ECF No. 10).

* * *

In consideration of the foregoing, Defendants respectfully propose that the Court permit the Parties to submit another joint status report in sixty days, on October 13, 2026, updating the Court on the status of the processing of Plaintiff's FOIA requests. Plaintiff's position is set forth above; should the Court prefer a further status report, Plaintiff proposes that it be filed in forty-five days, on September 28, 2026.

Dated: August 14, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2523
mason.bracken@usdoj.gov

*Attorneys for the United States of America*

*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418
5335 Wisconsin Ave., N.W., Suite 640
Washington, DC 20015
(202) 246-6180

*Attorney for Plaintiff*